Opinion of Chief Justice.
The state of demand filed with the justice, charges that the defendant “.with force and arms did break and enter the close of the plaintiff called the saw mill lot, situated in the township of Pompton, in the county of Bergen and State *63] of Uew Jersey, being part *of the real estate formerly •of Charles O’Brien, and fifty trees of the value of fifty dollars and fifty saplings of the value of twenty dollars, then and there standing and growing in and upon the said close, ■did cut down and destroy, and the grass of him the said plaintiff there growing, with his horses and cattle did tread down, eat up and destroy, and did dig up and remove the soil and did cut floats to cover coal pits and dug up to dust .said pits.”
The cause of action thus set forth is not, it is said, within the jurisdiction of a justice of the peace, being in trespass for breaking and entering upon lands, and the gravamen in part being a-permanent injury.
This question arises on the proviso of the first section of the act constituting courts for the trial of small causes, whioh declares that the jurisdiction thereby given to justices •of the peace, “ shall not extend to any action wherein the title to any lands, tenements, hereditaments, or other real •estate, shall or may in any wise come in question.” The proper construction of these words has given occasion to *79 some difference of opinion both judicial and professional; has elicited, in a number of cases, considerable debate; but by repeated examinations, and by a series of decisions, has become, as is believed, fully and satisfactorily settled. To review the subject, however, in order to state explicitly what we understand to be the sound and adopted doctrine, may not be without profit.
The term “ title ” is to be understood in a strict technical •sense. An action wherein the title comes in question is in the meaning of the statute one in which something more is brought into controversy than the actual occupation, or mere pedis possessio. It is one which involves the justa causa possidendi.
The phrase, “ may in any wise,” is not to be understood as synonymous with the terms “ by any possibility,” or "under any circumstances;” for by such interpretation would be excluded not only all actions of trespass guare clausum fregit, but many others, as the action of trover may turn in a course of pleadings upon the title of lands. These propositions are established by a reference to other parts of the act in pari materia. In the 33d section; when an action is brought by virtue of the act, the defendant may " as a justification plead title to any real estate in himself *or another under whom he acted or entered.” In [*64 the 35th section; “ such plea shall be conclusive evidence that he relied on his title by way of justification.” In these places it is obvious, the term title is strictly used, and does not signify mere possession or actual occupation. In the 33d section; as already seen, the word entered is used, and a defendant may set up, as justification, in an action brought by virtue of the act, title in him under whom he entered. Here it is plainly recognized that an action for an entry on real estate, may be instituted by virtue of that act. In the 35th section it is enacted that if the plea of title be not .accompanied with a bond as there directed, the justice shall proceed in the action as if such plea had not been tendered. *80 An action for an entry on real estate'may then not only be brought in a justice’s court, but the plaintiff may there proceed in and sustain an action, in which, from its nature, title might come in question; in which title might be the proper and only legal defence; and in which, except from the prohibition in the act, title not only might, but actually would be the real ground of controversy. The proviso of the first section 'cannot, therefore, .have been intended to exclude all actions affecting real estate in which title might “ by any possibility ” come in question.
This subject is .further illustrated by the first section of the supplement to the act concerning costs. (Rev. Laws, 666). It is enacted, “ that in all actions of trespass commenced or prosecuted in the Supreme Court, wherein the judge at the trial of the cause shall find and certify under his hand upon the back of the record, that the freehold, inheritance, or title to lands, tenements, hereditaments, or other real estate, came in question on the trial of said cause, and the plaintiff or plaintiffs shall recover any damages, the plaintiff or plaintiffs shall recover not only his, her, or their damages, but full costs of suit.” This clause is in direct hostility to the doctrine which has, on some occasions, been stated, that an action of trespass quare clausum fregit necessarily involves the title of the lands on which the trespass was committed; that the title comes in question on the plea of not guilty;' that possession is title, and as the plaintiff must shew possession, he must prove title. The legislature most certainly thought otherwise. They supposed that in some actions for trespass on lands, the title, or what they meant to denote by the term, may, *65] and in others may *not, come in question; for if in all such actions, the title must come into question, why authorize the judge to certify what the record itself would abundantly shew ? Why pass an act to give costs upon a certificate of matter- apparent without such certificate ? By the term title in this section is meant something quite differ *81 ent from that proof of possession, which, unless admitted by the nature of the plea, must necessarily be made in order to sustain the action of trespass quare clausum, fregit. The truth is, the proof ordinarily produced in that action is not given as evidence of title, for the plaintiff need shew no title against a wrong doer, but is given merely as proof of an; actual occupation of the promises, which another person is not permitted to interfere with or disturb, unless he has title to the land, or some legal justification or excuse for an entry upon it.
The rule with respect to jurisdiction, drawn from a view of the several acts of the legislature, may be thus stated. When the nature of the action is such that, in order to maintain it, the plaintiff must necessarily shew on his part, whatever may be the defence set up by the defendant, something more than the pedis possessio, the mere actual occupation, and must give some evidence of title strictly so-called, the action is not cognizable in the court for the trial of small causes ; but when the plaintiff need give evidence of no more, besides the commission of the alleged trespass, than of the mere possession, the action is cognizable and may proceed to judgment, unless the defendant shall interpose a plea of title, and thereby, under the provision of the’ statute, suspend the jurisdiction of the justice.
The rule as thus stated leaves cognizable in the courts for’ the trial of small causes, the ordinary action of trespass-upon lands, or the action of trespass quare clausum fregit,. as it is technically denominated. It recognizes no distinction in point of jurisdiction arising from the extent of the-injury sought to be redressed; in other words, it does not sustain the action when the gravamen is transient, as the', treading of grass, and deny it when the injury is permanent, as the cutting down of growing trees, or the subverting and carrying away the soil. In the proof commonly required from the plaintiff in these cases, except as to the nature and extent of the injury, there is no difference; that is to say, a *82 ¡plaintiff is not allowed in the one to rest on mere actual *66] Occupation, and bound in the other to add thereto .some proof of title. In both cases proof of title is equally unnecessary, unless called for by the evidence of the defence. Hence, as to the question of jurisdiction, there is no necessary distinction growing out of the extent of' the injuries •which furnish the respective causes of action.
The rule as stated excludes from the court for the trial of $mall causes, all such actions of trespass as necessarily require on the part of the plaintiff, evidence of title ; as for example, the action of trespass for meme profits after a recovery in ' ejectment. It excludes also all such other actions whether of trespass or of whatever form, in which a question of title to lands is necessarily involved; as the action of covenant on the clause of seizin or -warranty in a conveyance of lands. It excludes also, the class of cases in which redress is sought by a remainder man, or reversioner for an injury to the lands reaching beyond the rights of the person in actual possession, for in such cases, proof of title is essential to the maintenance of the action.
The cases which have been decided in this court, sustain . this rule and these explanations of it.
Parlaman v. Parlaman, Penn. 269, was an action of trespass for breaking and entering a room in the quiet and peaceful possession of the plaintiff, and committing acts of violence therein. The defendant pleaded not guilty, and on the trial offered to prove the plaintiff had said she was not in possession, but the defendant was, which was rejected by the justice. But this court reverse.d the judgment, saying, “ The quiet and peaceable possession of the plaintiff was part of the issue. Her acknowledgment on that subject was evidence proper to go to the jury, and ought not to have been rejected.” In this case, the court admit the jurisdiction of the justice over the action of trespass quare clausum fregit, recognize the distinction between possession and title, and decide that the former is a proper topic of enquiry before the justice.-
*83 Ming v. Compton, Penn. 345, was an action of trespass guare clausum fregit, and the question was directly presented, whether it could be maintained before a justice of the peace ? A majority of the court sustained the jurisdiction, and affirmed the judgment.
*Satterthwait v. Morgan, Penn. 962, was “ an action [*67 to recover damages for overflowing the plaintiff’s lands.” The judgment of the justice was affirmed. The case turned on another point, and not on the question of jurisdiction, which, however, cannot be supposed to have been entirely overlooked.
In Blackwell v. Hageman, however, reported soon after-wards, Penn. 1032, the question was directly raised. It was an action for overflowing, by the erection of a mill dam, the land of the plaintiff, for which ho obtained a judgment for damages. One reason assigned for reversal was, that the justice had not jurisdiction of the cause, as the title came in question. But the court overruled the objection, saying, “The question of jurisdiction has been settled in favor of the action.” Now it will bo observed, that in these .actions for overflowing land, the ordinary course of proof is, the injurious act on the part of the defendant, and the possession of the land by the plaintiff, and further proof than mere possession, the proof of title is not given, unless there be something peculiar in the case, or the evidence on the part of the defence requires it.
In Blackwell v. Leslie, 1 South. 112, the injury complained of was a continuance and refusal to move off a kitchen of the defendant, erected on a lot of the plaintiff, and also a permanent injury alleged to have been done to the freehold. Justice Southard in delivering the opinion of the court, said — “ The court is not now disposed to enter into an investigation of that question, which has been so often stirred, and created such diversity of opinion, whether, .under our statute, an action for trespass upon land can be maintained in the court for the trial of small causes. This *84 case keeps clear of a necessary decision on that point. It is not a case of ordinary trespass, where an injury to personal property lying on the land, or where the pedis possessicr alone is in question, but a permanent and standing trespass upon, and destruction of the- freehold. The absolute title to, and property in the soil, must be enquired into and decided by it. The title not only may, but must come into-question. The plaintiff’s state of demand acknowledges that a part of the lot he claimed, is not in his possession; but that the possession of it is taken from him by the kitchen, which is in the peaceable and quiet tenure and' occupancy of the defendant, yet he complains of injury *68] *to that very part. Surely his complaint then cannot respect the mere possession, unconnected with the idea of title.” In this case, the court held that the justice had not jurisdiction. They speak indeed of “ permanent and standing trespass upon and destruction of the freehold;” but it was not because such Vas the nature of the injury, but because to sustain his complaint the plaintiff must of necessity exhibit title, that the jurisdiction was denied. The part of the lot where the injury was done, was not in his possession, but in the peaceable and quiet occupancy of the defendant.
In Pickle v. Covenhoven, 1 South. 319, the court held, that an action of trespass for mesne profits, could not be. maintained before a justice of the peace, on the ground that the plaintiff must give evidence of title. The plaintiff in such case, does not sustain his action on mere proof of possession. For during the period which his claim covers; he is out of possession. The support of his claim is the-title established by the recovery in the action of ejectment, and the legal consequences.
In Vantuyle v. Marsh, 2 South. 507, the action was for erecting and keeping up a mill dam on the river Rahway, “by means whereof the waters of the river were flowed hack upon the lands whereof the- said Marsh had a tenancy *85 fin fee simple, so that the grass, wood, timber, bushes and shrubs, standing on the aforesaid tenancy of land, were corrupted, spoiled and destroyed, so that the said Marsh lost the use, profit and advantage of the said tenancy of land.” It was held here, that the court for the trial of small causes had not jurisdiction. The nature of the case, and the ground of this determination, are learned from the opinion of Justice Southard. "This action,” says he, “is distinguishable from the ordinary action of trespass upon land by the tenant in actual possession. It may be maintained by the tenant in fee, who is out of the possession, on his right to the estate, and for the permanent injury to the freehold. In it the plaintiff sets out his title as tenant in fee, and he must'prove it as set out. He must shew what his title is. Even if the plaintiff here had not set out his title in his state of demand or declaration, yet he would have been compelled to exhibit it on the trial. The title here must come into question, and therefore, the justice has no jurisdiction.”
*In Vandyk v. Dodd, 1 Halst. 129, the action [*69 before the justice was in trespass, and the state of demand charged that the defendant, with force and arms, broke and entered the plaintiff’s close and barn, and the grain, grass, wood, hay, corn, boards, apples, and garden vegetables of .the plaintiff, then grown and growing, did cut down, carry off, waste and destroy. The judgment on this state of demand was affirmed.
Hankinson v. Baird, 1 Halst. 130, was a question of costs. Baird set fire on his land, which spread to the land of Hankinson, and injured and destroyed his timber; the latter, who was tenant by the curtesy, brought an action of trespass, quare clausum fregit,- in the Common Pleas, which Baird removed into this court; and the plaintiff having recovered, claimed full costs. They were allowed by the •court; who said the action could not have been maintained *86 in the court for the trial of small causes; and on the principle, that “the title not only may, but .must be shewn to enable the plaintiff to recover.”
These are the principal cases to be found in the reports-touching the subject under consideration.
Applying to the case before us, the general rule which has been stated, the motion to reverse the judgment cannot prevail. The action is trespass guare clausum fregit, and part of the injury set forth, is the digging up and removing the soil. But to sustain his action, the plaintiff was-required, besides the commission of the trespass,'to prove only his actual occupancy or possession, “ unconnected,” to use the language of one of the court, in Blackwell v. Leslie-,. “ with the idea of title.”
Opinion of Justice Drake.
Considerable doubt has existed on the points raised iar this cause, growing out.of the broad language of the first •section of the act constituting courts for the trial of small causes, which excludes from the jurisdiction of the justice-all cases where “ the title to any lands, tenements, hereditaments or other real estate, shall or may in any wise come-in question,”- — and the provision made by the 33d and 35th-sections, for cases in which the defendant shall justify under a plea of title. The first case decided-under this act, to be-found in our reports, is that of Ming v. Compton, Penn. Rep. 345; in which the question was, whether justice’s *70] courts *have jurisdiction of the action of trespass guare clausum fregit. Kirkpatrick, Chief Justice, thought not;' inasmuclas “ the title to land came in question, even on the plea of not guilty;” Rossell and Pennington, justices, however sustained the jurisdiction of the justice, considering it the only mode of reconciling the various parts of the statute.
In this action the plaintiff must prove himself in actual possession of the premises at the time the injury was com *87 mitted. Title without possession will not avail him. But possession, without title, is sufficient against a wrong doer 2 Ph. Ev. 132, and cases there cited. It is said, that the defendant may give evidence of title under the general issue. No doubt he may do so in the common law courts. But in the court for the trial of small causes, the legislaturo have said he shall not do so. Whenever he pleads title, that is, whenever he defends on that ground, he shall commit the plea to writing, and deliver it to the justice. The jurisdiction of the justice, then, appears to me to extend to cases of injury to lands where the plaintiff is under no necessity to shew title in the first instance. But wherever the plaintiff must shew title, or the defendant may controvert that title, the justice has no jurisdiction.
The case above referred to appears for some time to have been regarded as settling the law, and was adhered to in the cases of Van Mater v. Rial, Penn. 473, and Blackwell v. Hagerman Penn. 1032. In the case of Blackwell v. Leslie, 1 South. 113, justice Southard appears to consider the doctrine as not entirely settled. Yet, as he justly observes, that case required no investigation of it; for “ the plaintiff’s state of demand acknowledges that a part of the lot which he claims is not in his own possession, but that the possession of it is taken from him by the kitchen, which is in the peaceable and quiet tenure, occupancy and possession of the defendant; yet he complains of injury to that very part.” Under such a state of facts it was very properly decided, that the justice had no jurisdiction. The next case is that of Van Tuyl v. Marsh, 2 South. 507; which was an action on the ease, brought by Marsh, for an injury to lands, whereof he alleged that he had a tenancy in fee simple. This is the appropriate action for the reversioner or remainderman whenever a permanent injury is done to the freehold. And it was considered that the plaintiff was under the necessity of shewing title, and for that reason, could not recover in a justice’s court.
*88 *71] *There appears, then, to be no discrepancy in the adjudications on this subject. And P consider the law as properly settled in the case of Ming v. Compton, and consequently am of opinion that, in this case, the judgment should be affirmed.
Justice Eobd concurred.
Judgment affirmed.